The next case on the calendar is Hamer v. Sessions. Craig Rellis Good morning, Your Honor. Good morning, Your Honors. May it please the Court, my name is Craig Rellis. I am here on behalf of the petitioner, Warren Hamer. Your Honors, the matter at issue in this case is the regulation at 8 CFR 1239.2, which permits an alien to seek termination so that that alien might naturalize where they're otherwise eligible, assuming that the Department of Homeland Security, assuming that they've established prima facie eligibility. Contingent upon establishing prima facie eligibility is held, as the BIA, the Board of Immigration Appeals, is held in matter of Hidalgo. That's predicated upon an affirmative statement from the Department of Homeland Security or a statement from the Department of Homeland Security in order to establish prima facie eligibility. That is in direct conflict with 8 USC 1429, which precludes the Attorney General and its delegates from authorizing or giving a prima facie statement of eligibility for naturalization. So what's created, essentially, is a situation where an alien who is otherwise eligible for naturalization. It's a sympathetic case, but what about our decision in Perriello? Well, I think that the Perriello decision, unfortunately, I think that I would implore this Court to respectfully to relook at Perriello. The fact is, is that the matter of Hidalgo decision is- What do you mean by relook? Well, to look at it again. It's wrong. It's our assertion that the Court got the Perriello decision wrong, that matter of Hidalgo should not be afforded, that it should not be afforded deference, because it's inconsistent with 1429, and it reads into the regulation something that is simply not permissible. So it reads into the regulation the affirmative- Even if we thought Perriello was wrong, do we have the authority for this panel to come out a different way? I believe you do, Your Honor. Because? Say again? Because? Because- Why aren't we bound by a prior decision of the Court? Well, Your Honor, I think that this Court, if we're to ask for a full en banc hearing, but the Court certainly has the jurisdiction to review this case. I mean, the Perriello, or rather the dissent in matter of Hidalgo is particularly illuminative in light of the time that's elapsed since Perriello. The fact is the dissent from the BIA envisioned a situation in which people were unable to naturalize where the government, the Department of Homeland Security could, by its very silence, prohibit somebody from being eligible to seek naturalization. So in this particular case, the petitioner is eligible for naturalization. There are no statutory bars to naturalization, but he's precluded because he could not get the affirmative assent from the Department of Homeland Security, who's precluded from doing so. Some of the rationale that the court in Hidalgo used was that immigration judges are unable because they don't have the jurisdiction to adjudicate naturalization petitions, but also not particularly versed in those decisions, and that simply is not true. Immigration judges decide applications in . . . I see that my time is up. It's not quite up, but let me ask, is there any . . . do you have a legal argument as to why this panel is not bound by Perriello, or are you just essentially preserving your argument for en banc, potential en banc? Well, I suppose that I'm preserving my argument for en banc, but the fact is that immigration, if I may, immigration judges do regularly adjudicate in the context of an I-130, which is a petition for an immigrant visa, in granting continuances, although they don't have the authority to adjudicate those particular petitions. They often, in the course of granting a continuance, review those decisions, and in other areas, even though they don't have the power to adjudicate those applications, they certainly are knowledgeable and able to determine whether there's prima facie eligibility. So I believe that they are capable of doing it, and I believe that the matter of Hidalgo decision is . . . Before you sit down, just assuming hypothetically Perriello didn't exist, what is the rule of law that you are urging on us with respect to what can be done in these proceedings with or without a recommendation from naturalization? Well, in terms of whether the case could be . . . I would ask that the court remand the case to the BIA for further proceedings, if I understand correctly. So if we had not decided, Perriello, the rule that you're advocating would be that these . . . Well, that the Department of Homeland Security and the district court . . . well, the district court is no longer . . . the Department of Homeland Security is vested with the authority to adjudicate naturalization petitions, and the district court, upon a denial of that, is provided with the authority to adjudicate those denials. But in this particular instance, essentially there's no judicial review here. The Department of Homeland Security doesn't acquiesce or doesn't assent to an affirmative statement that the person's eligible, and then that person is precluded from seeking any judicial review. He's not able to . . . yeah, he's precluded from seeking judicial review. So what I would submit to this court is that the immigration judge certainly has the authority to adjudicate on a very limited basis the prima facie eligibility for naturalization, not the application itself. Clearly, that's vested with the Department of Homeland Security, and a denial would be vested . . . the jurisdiction would be vested with the district court. But certainly, we would submit that the immigration judge should be at least permitted to adjudicate prima facie eligibility. And as I said, in other contexts, like adjudicating an I-130, which the immigration court does not have jurisdiction over, they're able to do so to determine whether a good cause is shown under a Board of Immigration case, a matter of cyber, and for a continuance. They regularly do that. Do you know whether this regime that you're arguing for is alive and well in any other circuit? No. No. Unfortunately, the Perriello decision has been particularly persuasive, and every other single circuit who's adjudicated this, or who's decided this matter, has sided with the Second Circuit. But respectfully, in light of the fact that there's no judicial review . . . You know, this court in Perriello implored, and other circuits have implored, the Department of Homeland Security to reassess and reissue a regulation, but they haven't done so. It's been eight, nine years since Perriello was decided. This is going to go on indefinitely, and there's no judicial review. Essentially, what Perriello said is, this is a dog chasing its tail, and it's going to continue to do so. People who, again, who are otherwise eligible for naturalization are precluded from naturalizing as a defense to removal, as the Supreme Court said in . . . As the Supreme Court said . . . Can I ask you just a question on how this process works? Perriello and the regulations now preclude someone who's in removal proceedings from commencing a naturalization proceeding, and having any action taken on it, in essence, and thus delaying their removal proceedings. Would that apply to someone who applies for naturalization before removal proceedings commence and has already gotten some assessment of prima facie eligibility? No, Your Honor. So, in the instance where somebody would be eligible for naturalization, they would apply for naturalization prior to removal proceedings being instituted. And then, in the context . . . So, for instance, perhaps they're, like Mr. Hamer, otherwise removable from the United States because he's committed an offense enumerated in the INA, they would then be able to . . . The Department of Homeland Security would either be able to adjudicate a waiver that would permit them to remain in the United States, or they would refer them to the Immigration Court. In this particular instance, unfortunately, Mr. Hamer, who's been a lawful permanent resident for more than 40 years, he's not eligible for any other relief in the Immigration Court. When did he get his green card? He does have a green card. Remind me when he got it. 1977. Yeah. So, almost my entire life, he's been a green card holder, and he is precluded from any relief and he is foreclosed from moving further. Again, as the Court said, I believe it is a sympathetic case, and as I said, the Supreme Court has said that the effects of deportation are particularly onerous and sometimes more . . . The consequences are broader and higher to an alien than criminal consequences. So for the reasons stated in our briefing enunciated here today, I respectfully ask the Court to remand this case to the BIA for the reasons that we stated. Thank you. Good morning, Your Honors, and may it please the Court. My name is Catherine Clark, appearing on behalf of Respondent. Denial of termination in this case was required by both Madara Vidalgo and this Court's decision in Perriello, which has been affirmed and relied upon by four other circuits since the case was decided. Mr. Hamer additionally could have obtained a ruling on an N-400 application, a naturalization application, had he filed one, at any time before the notice to appear was served in 2015. If he believed that he would be prima facie eligible beginning five years after his most recent conviction in 2002, even assuming that that were true, which the government does not concede, but if he believed that, he could have applied during any point in the eight years between 2007 and 2015, but he did not do so. And any lack of a prima facie eligibility determination or a full adjudication that could have been reviewed under 1421C is attributable, at least in part, to that duration during which he did not file an application. And additionally, Section 1429, 8 U.S.C. Section 1429 does bar CIS from considering an application for naturalization while removal proceedings are pending. The Court in Perriello has squarely concluded that the agency cannot consider naturalization applications during that time, and for that reason the Board acted properly in denying the motion to terminate and the petition for review should be denied. Your Honor, I'll be brief. The reason that people in real world situations don't seek to naturalize during the time that the government has been increasingly, the Department of Homeland Security and ICE are increasingly adept at finding people, picking them up, so Mr. Hamer would have been given an opportunity to naturalize, but he would be faced with potentially being incarcerated and subject to mandatory detention. I think he would make an otherwise rational decision. Your Honors, this, the particular regulation doesn't contemplate the fact that DHS is not, the regulation in matter of Hidalgo, or the interpretation of the regulation in matter of Hidalgo clearly indicates that the immigration judge cannot terminate without the assent of the Department of Homeland Security, however, under 8 U.S.C. 1429, the Department of Homeland Security is prohibited from doing that. I believe that is a, it's a clearly erroneous interpretation. I don't believe that it's consistent with the regulation or congressional intent and I would ask the court to take action accordingly. Thank you. Thank you both. We'll take the matter under advisement.